IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| GENE COGGINS, | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | |
| v. | ) | CASE NO.: 3:08-cv-254-TMH |
| | ) | |
| TRESSIA FREEMAN, | ) | (WO - Do Not Publish) |
| | ) | |
| DEFENDANT. | ) | |

## MEMORANDUM OPINION AND ORDER

Gene Coggins ("Coggins"), a *pro se* litigant with a long history of filing in this Court frivolous lawsuits and lawsuits over which this Court lacks subject matter jurisdiction,[1] brought this suit against Tressia Freeman on April 7, 2008. Coggins filed a motion for leave to proceed *in forma pauperis*. The Court found that Coggins met the financial requirements to proceed *in forma pauperis*, but stayed a complete ruling on the motion pending its review of the Complaint pursuant to 28 U.S.C. § 1915.

On May 7, 2008, the Court ordered Coggins to file an amended complaint that clarified the factual predicate for his claims and stated whether his claims against the defendant were made against her in her official capacity or in her individual capacity. The

---

[1] Including this case, it appears that Coggins has filed thirty-four lawsuits in this Court since 1992. All but seven of those suits have been filed in the past five years. Thirteen of the cases have been filed in the past four months. Many of his cases have already been dismissed. In many of the cases Coggins filed in this Court, he was suing to raise his dissatisfaction with the actions of various judicial officers from certain state or municipal courts.

Order (Doc. # 13) cautioned Coggins that failure to comply with the Court's request could result in dismissal of his lawsuit. Coggins did not amend his complaint as ordered. Instead, he filed a motion raising a frivolous challenge to the Court's ability to enter orders in this case and shared his conclusion that in his view the Complaint was clear enough. On June 5, 2008, the Court cautioned Coggins that his response was unacceptable and once again directed him to amend the Complaint. This Order (Doc. # 22) provided even greater guidance to Coggins in the hope that he would file a proper amended complaint clarifying his claims. Again, the Court cautioned Coggins that his case could be dismissed if he failed to comply with the Court's Order.

On June 10, 2008, Coggins filed a document which he labeled as an amended complaint (Doc. # 23). Despite labeling this document as an amended complaint, Coggins made no attempt to clarify or plead with great specificity the nature of his claims as directed. Simply put, Coggins refuses to amend his complaint to make the nature of his claims against Freeman in this lawsuit clear.

Although Coggins is *pro se*, his willful refusal to comply with court orders and his refusal to articulate the factual basis for his claims requires dismissal of this action. "Pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (citation omitted). Nevertheless, a *pro se* litigant is not excused from compliance with the Federal Rules of Civil Procedure. A district court's "power to dismiss is an inherent

2

aspect of its authority to enforce its orders and ensure prompt disposition of lawsuits." *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983) (citation omitted).  A court may dismiss an action *sua sponte* under Rule 41(b) for failure to prosecute or failure to obey a court order. Fed. R. Civ. P. 41(b); *Lopez v. Aransas County Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir.1978).[2]  When a dismissal is without prejudice and plaintiff elects not to amend, for the purposes of appeal the order is a Federal Rule of Civil Procedure 41(b) adjudication on the merits.  *Robinson v. Fed. Nat'l Mortgage Ass'n*, 673 F.2d 1247, 1249 (11th Cir. 1982). Dismissal pursuant to Rule 41(b) "upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion."  *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989).

In this case, Coggins was twice informed that failure to comply with the Court's orders could result in dismissal.  The record indicates that Coggins was given two opportunities to amend his complaint according to the Court's specific instructions, and that he failed to do so.  In defiance of this Court's Orders, Coggins has failed to articulate specific acts committed personally by the defendant to this action and failed to specify whether he was suing the defendant in her official or individual capacities.  Accordingly, it is hereby ORDERED that this case is DISMISSED without prejudice.

---

[2]  In *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1209 (11th Cir. Nov. 3, 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions handed down prior to the close of business on September 30, 1981.

DONE this the 18th day of June, 2008.

/s/ Truman M. Hobbs
SENIOR UNITED STATES DISTRICT JUDGE